UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—
GENERAL

| Case No. | 5:25-cv-03603-SSS-SPx | Date | January 28, 2026 |
|---|---|---|---|
| Title | *Corina Cespedes v. McDonalds USA, LLC et al.* | | |

Present: The Honorable    SUNSHINE S. SYKES, UNITED STATES DISTRICT JUDGE

| Irene Vazquez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:    (IN CHAMBERS) ORDER DENYING DEFENDANT'S MOTION TO DISMISS AND PLAINTIFF'S MOTION TO REMAND [DKT. NOS. 8, 10]**

Before the Court is Defendant's Motion to Dismiss Plaintiff's Complaint filed on January 7, 2026, and Plaintiff's Motion to Remand Case filed on January 27, 2026. [Dkt. No. 8, "Defendant's Motion; Dkt. No. 10, "Plaintiff's Motion"]. For the reasons set forth below, both motions are **DENIED**.

Local Rule 7-3 demands that "counsel contemplating the filing of any motion must first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution." C.D. Cal. R. 7-3. The conference must occur at least 7 days before the filing of the motion. *Id.* If the parties cannot reach a resolution, counsel for the moving party must include a statement in the notice of motion articulating that the parties met and conferred on a certain date. *Id.* Further, the Court's Civil Standing Order requires that statement to include "(1) the names of the counselor's present at the conference, (2) when the conference was held, (3) how long the conference lasted, (4) the manner in which the conference was held, (5) what issues were discussed, and (6) what issues the parties were unable to resolve. *The parties are further*

CIVIL MINUTES—
GENERAL    Initials of Deputy Clerk iva

*advised that email correspondence alone is insufficient to satisfy this requirement.*"
[Dkt. 9 at 12 (emphasis added)].

Neither parties' motion contains any reference to Local Rule 7-3 nor
contains a declaration that ensures compliance with Local Rule 7-3.  As such, both
parties failed to comply with the meet-and-confer requirements under Local Rule
7-3 and the Civil Standing Order.  The Court reminds the parties of the importance
of adhering to the requirements of the Local Rules and the Civil Standing Order.
The Court will not grant any subsequent motion if the parties fail to satisfy the
meet and confer requirements.

Moreover, the Court notes that Plaintiff's Motion additionally fails to
comply with Local Rule 6-1.  Local Rule 6-1 requires that "every motion shall be
presented by written notice of motion." C.D. Cal. R. 6-1.  Moreover, parties must
do the following to comply with Local Rule 6-1:

> The notice of motion shall be filed with the Clerk not later than
> twenty-eight (28) days before the date set for hearing, and shall be
> served on each of the parties electronically or, if excepted from
> electronic filing, either by deposit in the mail or by personal service. . .
> If served personally, or electronically, the notice of motion shall be
> served not later than twenty-eight (28) days before the Motion Day
> designated in the notice. The Court may order a shorter time. Unless
> otherwise ordered by the Court, the Clerk shall place each motion on
> the Motion Day calendar for the date designated in the written notice of
> motion.

*Id.*

Because the parties failed to properly meet and confer under Local Rule 7-3
and the Civil Standing Order, both Motions are **DENIED WITHOUT
PREJUDICE**.

The hearing on Defendant's Motion to Dismiss set for February 20, 2026 at
2:00 PM is **VACATED**.

**IT IS SO ORDERED.**

CIVIL MINUTES—
GENERAL

Initials of Deputy Clerk <u>iva</u>