UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—
GENERAL

J S - 6

| Case No. | 5:25-cv-03603-SSS-SPx | Date | March 5, 2026 |
|---|---|---|---|

| Title | *Corina Cespedes v. McDonalds USA, LLC* |
|---|---|

Present: The Honorable   SUNSHINE S. SYKES, UNITED STATES DISTRICT JUDGE

| Irene Vazquez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:   (IN CHAMBERS) ORDER GRANTING PLAINTIFF'S MOTION TO REMAND [DKT. NO. 13]**

Before the Court is Plaintiff's Motion to Remand Case to California State Court filed on February 10, 2026.  [Dkt. No. 13, "Motion"].  Defendants submitted an Opposition on February 15, 2026.  [Dkt. No. 16, "Opposition" or "Opp."].  The Court **GRANTS** the Motion.

## I.    FACTUAL AND LEGAL BACKGROUND

Corina Cespedes began working with McDonald's USA, LLC ("McDonald's") in 1992 as a crew member.  [Dkt. No. 1-2 at 5, "Initial Complaint"; *see also* Dkt. No. 1-9, "Operative Complaint" or "Complaint"]. Cespedes continued to work at McDonald's until 2024, and she "held many positions throughout her time at McDonalds and consistently moved up in the company until being assigned to a performance improvement plan in February 2024."  [Complaint ¶ 14].  Cespedes contends that she performed her duties "in an exemplary manner" and such that the following events were "wrongful actions" by Defendant against her.  [*Id.* ¶¶ 15, 16].

According to Cespedes, she had a "strong reputation as an employee to move up in the company." [Complaint ¶ 16].  As she gained more responsibility, Cespedes "brought up new rules and regulations regarding health, security, safety, and operation." [*Id.*].  Cespedes alleges "her superiors were not willing to cooperate" and that she "felt as though she was being silenced." [*Id.*].  Following her recommendations about rules and regulations, Cespedes "was subsequently moved to lower positions with less responsibilities." [*Id.*].

Cespedes later learned that a complaint had been filed against her based on unfounded allegations.  [Complaint ¶ 17].  Despite submitting a response to the complaint lodged against her, Cespedes's response was not investigated.  [*Id.*].  Instead, Cespedes was placed on a performance improvement plan with goals she characterizes as "unrealistic and almost unattainable. [*Id.* ¶ 17].  Cespedes believes that the allegations "were retaliatory for a poor evaluation and recommended changes to a franchise operator." [*Id.*].

In February 2024, Cespedes went on disability leave due to mental health issues she suffered from "[t]he complaint and retaliation for the new rules she recommended McDonald's comply with." [Complaint ¶ 18].  When Cespedes returned to work, "McDonald's superiors did not allow her to reach her target/goals in the performance improvement plan." [*Id.* ¶ 19].  Cespedes took disability leave once more and returned in May 2024; however, Cespedes was terminated two weeks after she returned.  [*Id.*].

On May 21, 2025, Plaintiff Cespedes filed the underlying suit against Defendant McDonald's and Doe Defendants in the San Bernardino County Superior Court, bringing various state law claims arising from these events.  [*See generally* Initial Complaint].  Plaintiff filed an amended complaint on June 29, 2025, and later filed a Notice of Voluntary Dismissal on October 7, 2025.  [Dkt. No. 1-3, "First Amended Complaint; Dkt. No. 1-7, "Voluntary Dismissal"].  Petitioner then filed the current operative Complaint on October 31, 2025.  [*See generally* "Complaint"].  The Operative Complaint added Defendants Rebecca Keoppel and Alondra Lopez to the action.  [*See* Complaint ¶¶ 3, 4].

McDonald's removed the suit to federal court on December 31, 2025, based on diversity jurisdiction.  [*See* Dkt. No. 1, "Notice of Removal"].  In the Notice of Removal, McDonald's contends that Defendants Keoppel and Lopez are fraudulently joined.  [Notice of Removal at 7–12].

---

Plaintiff now seeks to remand the case back to the San Bernardino County Superior Court, challenging McDonald's assertion of diversity jurisdiction. [*See generally* Motion]. McDonald's maintains that Keoppel and Lopez are sham defendants, that Plaintiff cannot establish her claims against either of these Defendants, and thus that the Court should deny the Motion. [*See* Opposition at 10–17].

## II.   LEGAL STANDARD

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Thus, federal courts can only hear cases if "there is a valid basis for federal jurisdiction." *Ayala v. Am. Airlines, Inc.*, No. 2:23-cv-03571, 2023 WL 6534199, at *1 (C.D. Cal. Oct. 6, 2023) (citing *Richardson v. United States*, 943 F.2d 1107, 1112 (9th Cir. 1991)).

A defendant may remove the case to federal court if the case could have been brought originally in federal court. 28 U.S.C. § 1441(a). If a plaintiff contests the removability of an action, the burden is on the removing party to show by a preponderance of the evidence that the requirements for removal were met. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 82 (2014); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988). "Under 28 U.S.C. § 1332, a district court has original jurisdiction over a civil action where (1) the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and (2) the dispute is between 'citizens of different States.'" *Jimenez v. General Motors*, LLC, No. 2:23-cv-06991, 2023 WL 6795274, at *2 (C.D. Cal. Oct. 13, 2023).

If there is any doubt as to the right to removal, a court must remand the action to state court. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (stating "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance"); *see also Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) (citing *Gaus*, 980 F.2d at 566).

## III.   DISCUSSION

Plaintiff primarily argues that neither Keoppel nor Lopez are fraudulently joined. [Motion at 8–9]. Moreover, the Motion suggests Defendant fails to carry its burden to establish the amount in controversy. [*Id.* at 7]. Taking these arguments together, Plaintiff requests that the Court remand the action to San Bernardino Superior Court.

Defendant's removal rests on the idea that Keoppel and Lopez, the alleged California Defendants, were fraudulently joined because Plaintiff cannot maintain her FEHA and California Labor Code claims against them.  [Opp. at 10–17].  Absent Keoppel and Lopez, the parties are diverse.  [*See* Notice of Removal].

For the reasons stated below, and the Motion is **GRANTED**.

### A.     Fraudulent Joinder

Diversity jurisdiction in this case turns in part on whether Plaintiff can establish a cause of action against Keoppel or Lopez.  Plaintiff alleges both Keoppel and Lopez are residents of California (and McDonald's does not contest this), and McDonald's is a citizen of Delaware and Georgia for jurisdictional purposes.  [Complaint ¶¶ 3, 4; Notice of Removal at 7].  If either is a citizen of California, as Plaintiff argues, the parties are not diverse, and the Court must remand.

A defendant may remove a case with a non-diverse defendant based on diversity jurisdiction and then seek to persuade the district court that the non-diverse defendant was fraudulently joined.  *See McCabe v. General Foods Corp.,* 811 F.2d 1336, 1339 (9th Cir.1987).  A non-diverse defendant is fraudulently joined if it can show that "the plaintiff fails to state a cause of action against a resident [non-diverse] defendant." *Id.*  In other words, fraudulent joinder occurs when "the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." *Ritchey v. Upjohn Drug Co.,* 139 F.3d 1313, 1318 (9th Cir.1998).  The Ninth Circuit has noted that this burden is "heavy." *See Grancare, LLC v. Thrower ex rel. Mills*, 889 F.3d 543, 548 (9th Cir. 2018); *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007).  Similarly, the Fifth Circuit has noted that a "removing party must prove that there is *absolutely no possibility* that the plaintiff will be able to establish a cause of action against the in-state defendant in state court, or that there has been outright fraud in the plaintiff's pleadings of jurisdictional facts." *Green v. Amerada Hess Corp.*, 707 F.2d 201, 205 (5th Cir.1983) (emphasis added).

### B.     Claims in Plaintiff's Complaint

The Complaint brings the following causes of action against Keoppel and Lopez: (1) harassment in violation of FEHA (Claim 2); (2) retaliation in violation of FEHA (Claim 3); (3) discrimination in violation of FEHA (Claim 4); (4)

retaliation in violation of California Labor Code § 6310 (Claim 6); and intentional infliction of emotional distress (Claim 8). [Complaint ¶¶ 34–63, 73–85, 94–101].

McDonald's must establish that Plaintiff fails to state any colorable legal claim against either Keoppel or Lopez, regardless of Plaintiff's motive for joining them. *See Albi v. Street & Smith Publ'ns*, 140 F.2d 310, 312 (9th Cir. 1944).

Defendant argues that the Complaint is factually and legally deficient as relating to claims against both Keoppel and Lopez. [Opp. at 11–17]. In particular, Defendant argues that the FEHA claims and California Labor Code claim cannot be brought against these individuals because they are not employers. [*Id.*]. Indeed, Plaintiff's claims under FEHA as to discrimination and retaliation can only be brought against the actual employer of an employee; they cannot be brought against an individual employee supervisor. *See Reno v. Baird*, 18 Cal. 4th 640, 663 (1998) (applying this bar to FEHA discrimination claims); *Jones v. Lodge at Torrey Pines P'ship*, 42 Cal. 4th 1158, 1173 (2008) (same for retaliation). Nor can the other FEHA claims be brought against an individual supervisor because, like in *Reno*, they provide liability only for "employers" and not individuals. *See* Cal. Gov't Code § 12940(k) (failure to prevent discrimination or harassment); Cal. Gov't Code § 12940(m) (failure to accommodate disability).

Defendant further suggests the intentional infliction of emotional distress claim is not viable based on the underlying facts. [*Id.*].

However, based on the Court's review of the parties' arguments, Plaintiff may have a viable claim under the California Labor Code that divests this Court of subject matter jurisdiction.

### C.   California Labor Code § 6310

Defendant first suggests Plaintiff's California Labor Code claim similarly bars individual liability. [Opp. at 12–13]. However, unlike FEHA claims, it is not obvious under settled California law that individual liability does not exist under § 6310. *See Thompson v. Genon Energy Services, LLC*, 2013 WL 968224, *5 (N.D.Cal.2013) (remanding case after concluding that it was not "obvious under the settled law of California that an action cannot proceed against individual supervisors under Labor Code § 6310"); *see also Padilla v. AT & T Corp.*, 697 F.Supp.2d 1156, 1159 (C.D.Cal.2009) ("A defendant is not a fraudulently joined or sham defendant simply because the facts and law may further develop in a way that convinces the plaintiff to drop that defendant.").

Thus, the Court evaluates whether Plaintiff may have a possible claim against Keoppel or Lopez under § 6310.

California Labor Code § 6310 provides: "(a) No person shall discharge or in any manner discriminate against any employee because the employee . . . (4) [r]eported a work-related fatality, injury, or illness." § 6310. This makes it unlawful to fire or otherwise retaliate against an employee who makes a workplace safety complaint. *See Lujan v. Minagar*, 124 Cal. App. 4th 1040, 1043 (2004). Section 6310 "reflects a significant public policy interest in encouraging employees to report health and safety hazards existing in the workplace without fear of discrimination or reprisal." *Ferrick v. Santa Clara Univ.*, 231 Cal. App. 4th 1337, 1350 (2014).

Where Defendant raises fraudulent joinder in opposition to the Motion, federal courts may look beyond the pleadings to determine whether the challenged joinder was in fact a sham or fraudulent device to prevent removal. *See Charlin v. Allstate Ins. Co.*, 19 F. Supp. 2d 1137, 1140 (C.D. Cal. 1998). The Court may "pierce the pleadings, consider the entire record, and determine the basis of joinder by any means available." *Id.* Doubt arising from inartful, ambiguous, or technically defective pleadings should be resolved in favor of remand. *Id.* Defendant must also demonstrate "there is no possibility that the plaintiff could prevail on any cause of action it brought against the non-diverse defendant." *Burris v. AT & T Wireless, Inc.*, No. C 06–02904 JSW, 2006 WL 2038040, at *1 (N.D.Cal. July 19, 2006). Remand must be granted unless the defendant shows that the plaintiff "would not be afforded leave to amend his complaint to cure [the] purported deficiency." *Id.* at *2.

Here, Defendant argues the Complaint lacks factual support to show that Plaintiff "ever complained of unsafe working conditions or that Keoppel or Lopez retaliated because of any complaints." [Opp. at 13]. However, Defendant's broad statements are insufficient to carry Defendant's "heavy burden" to "prove that there is absolutely no possibility that the Plaintiff will be able to establish a cause of action against" Keoppel or Lopez. *Gralnik v. DXC Tech., Inc.*, 2021 WL 5203333, at *4 (C.D. Cal. Nov. 8, 2021).

Where the Court must resolve all disputed questions of fact in favor of the plaintiff, the Court agrees that either Keoppel or Lopez could potentially be liable for violating § 6310. Taking the Complaint, Motion, and Reply together, Keoppel and Lopez were "employees who participated directly in the wrongful conduct at issue. [Motion at 5]. The Complaint alleges that these two individuals

"retaliat[ed] against Plaintiff for complaining of unsafe working conditions."
[Complaint ¶ 76].  Although not expressly alleged, the Complaint references
Plaintiff's attempts to recommend "new rules and regulations regarding health,
security, safety and operation."  [*Id.* ¶ 16].  Plaintiff reports that "her superiors
were not willing to cooperate."  [*Id.*].  Following these events, Plaintiff was subject
to a complaint, remedial disciplinary action, and harassment in the form of emails,
calls, and text messages.  [*Id.* ¶¶ 16, 17].

"A defendant is not a fraudulently joined or a sham defendant simply
because the facts and law may further develop in a way that convinces the plaintiff
to drop that defendant."  *Padilla v. AT & T Corp.*, 697 F. Supp. 2d 1156, 1159
(C.D. Cal. 2009).  Defendant, therefore, has not presented "extraordinarily strong
evidence or arguments that a plaintiff could not possibly prevail on her claims
against the allegedly fraudulently joined defendant."  *Grancare, LLC v. Thrower
ex rel. Mills*, 889 F.3d 543, 548 (9th Cir. 2018).

The Court, upon reviewing the Complaint, Notice of Removal, and the
parties' briefings, finds Defendant McDonald's has not shown Plaintiff has
absolutely no possibility in prevailing in her California Labor Code claims against
Keoppel or Lopez.  Because the Court must remand where doubts to the propriety
of removal exist, the Court **GRANTS** Plaintiff's Motion.  *See Gaus v. Miles, Inc.*,
980 F.2d 564, 566 (9th Cir. 1992).

## IV.    CONCLUSION

Because Plaintiff may have a viable claim against Keoppel and Lopez,
Defendant has not met its burden to establish complete diversity between the
parties.  The Court finds diversity jurisdiction does not exist over this case.  28
U.S.C. § 1332(a).  Thus, the Court finds removal was improper under 28 U.S.C. §
1441(a) and **GRANTS** Plaintiff's Motion.  [Dkt. No. 13].  The Clerk is
**DIRECTED** to remand this action to San Bernardino County Superior Court.

**IT IS SO ORDERED.**